Filed 8/11/21  P. v. Lee CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B311397 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A759717) |
| v. | |
| CORNELIUS VON LEE, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Ronald Coen, Judge.  Affirmed.

Cornelius Von Lee, in pro. per.; and Richard B. Lennon and Larry Pizarro, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Cornelius Von Lee appeals from an order denying his petition for resentencing under Penal Code[1] section 1170.95. His appellate counsel filed a brief asking this court to proceed under *People v. Wende* (1979) 25 Cal.3d 436.

This matter arises out of events occurring in 1984, when Lee set fire to a house where his ex-girlfriend's friend lived.[2] A baby in the house died from thermal injuries. While in custody, Lee told his cellmates that he had wanted to kill a woman who owed him money, so he set her house on fire and a baby was killed. In 1986, Lee pleaded guilty to attempting to burn a structure (§ 455) and to using a destructive device (former § 12303.3). That same year, a jury convicted him of first degree murder (§ 187) and arson (§ 451, subd. (a)). The trial court sentenced him to 25 years to life for the murder and either stayed or ran concurrent terms on the remaining counts.

Years later, our Legislature enacted Senate Bill No. 1437, which took effect on January 1, 2019 and added section 1170.95. That new law limited accomplice liability under the felony-murder rule and eliminated the natural and probable consequences doctrine as it relates to murder, all to the end of ensuring that defendants' sentences are commensurate with their criminal culpability. (See generally *People v. Gentile* (2020) 10 Cal.5th 830, 842–843.)

In April 2020, Lee filed a petition for resentencing under section 1170.95. The trial court appointed counsel for Lee and ordered the People to respond to the petition. In its written

---

[1] All further undesignated statutory references are to the Penal Code.

[2] The underlying facts are from *People v. Lee* (Apr. 27, 1988, B024167) [nonpub. opn.].

response, the People argued that the record of conviction established that Lee was the actual killer. Further, as the jury instructions attached as an exhibit showed, the jury was not instructed on accomplice liability or the natural and probable consequences doctrine, although it was instructed on the felony murder doctrine.[3]

Lee's counsel did not submit a reply.

In ruling on the petition, the trial court said it had considered the court file, including the Court of Appeal opinion and instructions showing that Lee's jury was instructed on malice murder, premeditation and deliberation, and felony murder (arson). However, the jury was not instructed on the natural and probable consequences doctrine or any theory of aiding and abetting, given that Lee was the person involved in committing the crime. The trial court concluded, "As such, the only theory of guilt, under either malice murder or felony murder, was that petitioner was the actual killer." The trial court also noted that Lee had admitted he was the actual killer to his cellmates. Because Lee was the actual killer, the trial court found he was not entitled to section 1170.95 relief.

---

[3] The jury was instructed with CALJIC No. 8.21: "The unlawful killing of a human being, whether intentional, unintentional or accidental, which occurs as a result of the commission of or attempt to commit the crime of arson, and where there was in the mind of the perpetrator the specific intent to commit such crime, is murder of the first degree. [¶] The specific intent to commit arson and the commission or attempt to commit such crime must be proved beyond a reasonable doubt."

Lee appealed.[4] As we have said, his appellate counsel filed a *Wende* brief, and Lee filed a supplemental letter brief.

Thereafter, our California Supreme Court issued *People v. Lewis* (July 26, 2021, S260598) __ Cal.5th __ [2021 WL 3137434].) The court held that where a petitioner files a facially sufficient petition under section 1170.95, counsel must be appointed. (*Lewis*, at p. __ [2021 WL 3137434, at p. *10.) Only after counsel is appointed and the parties have been allowed the opportunity for briefing may the trial court consider the record of conviction to determine whether petitioner made a prima facie showing he is entitled to relief under section 1170.95, subdivision (c).[5] (*Lewis*, at p. __ [2021 WL 3137434, at pp. *10–*11.)

---

[4] *People v. Serrano* (2012) 211 Cal.App.4th 496, concluded that review under *People v. Wende*, *supra*, 25 Cal.3d 436, does not apply to appeals from orders denying postconviction relief. (Accord, *People v. Cole* (2020) 52 Cal.App.5th 1023, review granted Oct. 14, 2020, S264278.) *Cole*, at pages 1039 to 1040, held that an appeal from a postconviction order may be dismissed if counsel has found no arguable issues and if the defendant has not filed a supplemental brief. Where the defendant has filed a supplemental brief, the Court of Appeal must evaluate any arguments raised in the brief and issue a written opinion disposing of the trial court's order on the merits. Lee has filed a supplemental brief. Accordingly, without deciding whether *Cole* is correct in part or whole, we review his contentions.

Our Supreme Court is currently considering what procedures appointed counsel and the Courts of Appeal should follow when counsel determines that an appeal from an order denying postconviction relief lacks arguable merit. (*People v. Delgadillo* (Nov. 18, 2020, B304441 [nonpub. opn.]), review granted Feb. 17, 2021, S266305.)

[5] *Lewis* further held that any error in failing to appoint counsel is subject to harmless error review under the standard in

4

This is precisely what occurred here: Lee filed a facially sufficient petition, the trial court appointed counsel for him, the People filed a response to the petition, and the trial court then considered the record of conviction to conclude that Lee was ineligible for relief. As the trial court found, the record of conviction established that Lee was the only person who committed the crimes and was the actual killer and, as such, ineligible for relief.

However, in his supplemental letter brief, Lee also asks us to consider evidence admitted against him at his trial, including the testimony of various witnesses and that he had an alibi. We may not on appeal reweigh evidence or reevaluate the credibility of witnesses. (*People v. Brown* (2014) 59 Cal.4th 86, 106.) He also refers to the alteration of trial transcripts and the destruction of evidence after his trial, but these issues are also not properly before us and otherwise raise no issue as to the denial of his section 1170.95 petition.

We have examined the record and found no arguable issues. We are further satisfied that Lee's attorney has fully complied with the responsibilities of counsel.

---

*People v. Watson* (1956) 46 Cal.2d 818, 836 to 837. (*People v. Lewis, supra*, __ Cal.5th at p. __ [2021 WL 3137434, at p. *12.)

**DISPOSITION**

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EDMON, P. J.


We concur:



LAVIN, J.



EGERTON, J.

6